# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In Re: ROBERT AND DAWN WILSON           Chapter 13
              Debtor.                          Case No. 10-14133

## FIRST AMENDED CHAPTER 13 PLAN

**NOTICE TO ALL CREDITORS THAT THIS PLAN AND ALL OF ITS PROVISIONS ARE SUBJECT TO DEL. BANKR. L.R. 3023-1**

The future earnings of the debtor are submitted to the supervision and control of the Court and the Debtor's employer shall pay to the trustee the sum of $120.00 for the 36 month plan.

If distribution to unsecured creditors is less than 100% under the confirmed Plan, should the debtors sell or refinance real estate during the term of the plan, the debtor agrees that the net equity realized, if any, shall be subject to distribution to creditors pursuant to a modification of the Plan under 11 U.S.C Section 1329.

From the payment so received, after deduction of allowed Trustee's commission, the Trustee shall make disbursements as follows:

1. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

    (A) Debtor's Counsel Fees:          $3,400.00

    Debtor's Counsel fees to Vivian A Houghton, Esquire in the amount of $3,400.00 shall be paid first, and then distributions shall subsequently be made under the plan as follows:

    (B) Priority Taxes:

    All priority amounts owed to the IRS and State of Delaware will be paid through the Chapter 13 Plan.

    (C) Other Priority or Administrative Expenses

2. Pro-rata with dividends to priority creditors, holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    (A) Long term or mortgage debt – ARREARS only to be paid to Wells Fargo Bank NA c/o Wachovia Mortgage in the amount of $345.48 for the

first mortgage on the property located at 46 Fredericksburg, Drive, Middletown, DE 19709. Debtor shall continue to make regular post-petition payments directly to Wachovia Bank. This section of the Plan specifically incorporates all of the provisions affecting mortgage claims as set forth in Del. Bankr. L.R. 3023-1(b)(ii) and the parties shall be so governed.

**AMENDED TO INCLUDE AMOUNTS LISTED IN THE POC.**

(A)(2) Long term or mortgage debt - Debtor will file an adversarial complaint to void the mortgage held by Wachovia Bank for the second mortgage on the property located at 46 Fredericksburg Drive, Middletown, De 19709 pursuant to 11 U.S.C. Section 1322(b)(2).

(B) Secured Vehicle debt (cramdown) – None

(C) Secured Vehicle debt (910 car claim) - None

(D) Other secured debt: _____

3. Surrender - Secured Collateral to: NONE
   Debtor(s) abandons such property and agrees that the Automatic Stay under 11 U.S.C. § 362 is terminated as to the property and any interest in the property. Claims, if any submitted by such creditor may receive a distribution under the Plan if such claims reflect an applicable deficiency balance remaining following surrender.

4. Subsequent to dividends to priority and secured creditors, dividends to allowed non-priority general unsecured creditors shall be distributed as follows:

    General unsecured creditors will be paid a dividend of _____% of their allowed claim.

    1. _____ BIOC or
    2. _____Disp. Income x 60 months as calculated under 11 U.S.C. § 1325(b), or [ ] a pro-rata dividend, if any.

5. If applicable) The following leases or executory contracts of the debtor will be treated as follows:

6. Title to the Debtor(s) property shall revest in the Debtor on confirmation of the plan.

7. Other special provisions of the Plan: _____

8. A proof of claim must be filed in order to share in distributions under the plan. Proofs of claim in duplicate shall be delivered or mailed to Clerk, United States Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801.

/S/ ROBERT WILSON                     Dated: February 24, 2011
Debtor's Signature

/S/DAWN WILSON                        Dated: February 24, 2011
Debtor's Signature


/S/ VIVIAN A HOUGHTON ESQUIRE         Dated: February 24, 2011
Attorney for Debtor(s)